FILED
SUPERIOR COURT
OF GUAM

2019 FEB 11 PM 1: 52

CLERK OF COURT

By:_____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| PEOPLE OF GUAM,<br><br>Plaintiff,<br><br>vs.<br><br>GERALD WAYNE CRUZ II,<br>aka Gerard Wayne Cruz II,<br><br>Defendant. | Criminal Case No. CF0619-18<br><br>**DECISION AND ORDER** |

## INTRODUCTION

Defendant is charged with two felony counts for shooting a neighbor's dog and a neighbor's cat. He moves to dismiss these charges on the basis that the indictment fails to allege facts that would support the charges. This matter is before the Honorable Michael J. Bordallo. The People are represented by Assistant Attorney General Charles J. Kinnunen. Defendant Gerald Wayne Cruz II ("Defendant") is represented by Assistant Public Defender William C. Bischoff of the Public Defender Service Corporation. Having reviewed the arguments, the Court **GRANTS** Defendant's motion to dismiss the charges of two counts of Animal Cruelty (As a 3rd Degree Felony).

## BACKGROUND

An indictment was originally issued against Defendant in October 2018, but two months later, a superseding indictment was issued on Dec. 13, 2018, charging him with two counts of Animal Cruelty (As a Third Degree Felony), each with accompanying counts of Special Allegation of Possession or Use of a Deadly Weapon in the Commission of a Felony. He was also charged with Unsworn Falsification, a misdemeanor. The felony charges are based on violations of 9 G.C.A. § 70.10.1(a)(1) (which is entitled Animal Abuse, not Animal Cruelty, as incorrectly stated in the indictment). Defendant moved for dismissal of the felony portion of the indictment on Dec. 27, 2018. The People did not file an opposition. This Court then took the matter under advisement.

## FACTS

1. Defendant is accused of shooting and killing a neighbor's cat in May 2018 and a neighbor's dog in September 2018.

2. The People have charged him with Animal Cruelty (As a 3rd Degree Felony), meaning that he is charged with intentionally, knowingly, or recklessly causing serious physical injury to the animals, cruelly causing their death, or torturing them. 9 G.C.A. § 70.10.1(a)(1).

3. Defendant argues that the indictment is deficient because it states only that he shot the animals, not that he cruelly killed them or tortured them, as required to violate § 70.10.1.

## ISSUE

1. Whether to dismiss the felony charges in the superseding indictment for failing to allege facts that support the charges.

## PRINCIPLES OF LAW

A person is guilty of first degree animal abuse if he intentionally, knowingly, or recklessly causes serious physical injury to an animal, cruelly causes its death, or tortures it. 9 G.C.A. § 70.10.1(a)(1). First degree animal abuse is a third-degree felony. Id. at (b). Torture is an action taken "for the primary purpose of inflicting pain." Id. at § 70.01(i). "Animal" in these statutes means a domestic animal or a household pet. Id. at (a). Guam statute does not define "cruelly" or "cruelty," but Black's Law Dictionary defines "cruelty" as "The intentional and malicious infliction of mental or physical suffering on a living creature, esp. a human; abusive treatment; outrage." *Cruelty*, Black's Law Dictionary (10th ed. 2014), available at Westlaw.

The Supreme Court of Guam has stated that an indictment is sufficient if "it contains the elements of the crime alleged." Guam v. Jones, 2006 Guam 13 ¶ 12. It also states, "[A] well drafted indictment would clearly lay out all of the elements of the crime." Id. at ¶ 20.

## ANALYSIS

The statute Defendant is alleged to have violated does not concern whether he killed the animals but whether he killed them cruelly. Serious physical injury is not at issue here because Defendant is accused of killing the animals, not just creating a substantial risk of their deaths or otherwise physically harming them. See 9 G.C.A. § 70.01(h). Torture is also not at issue because Defendant is not accused of having the primary purpose of inflicting pain. See Id. at (i). The question is whether Defendant cruelly caused the death of the dog and cat.

It is difficult to think of a less cruel way to kill an animal than death by gunshot. If Defendant were accused of shooting to maim or shooting to injure the animals, the case might be different. But the indictment accuses him only of "shooting a dog" and "shooting a cat." Superseding Indictment 2. The Magistrate's Complaint states that Defendant shot the cat, threw its body in his truck, and drove off. Magistrate's Complaint 3. Apparently the cat died

immediately, and the indictment offers no facts that either the cat or dog suffered before dying or that Defendant intended that they suffer. The indictment also does not say that Defendant intentionally inflicted mental or physical suffering on the animals, as required by the Black's Law definition of cruelty.

Defendant cites a Pennsylvania case that is similar to this case: Commonwealth v. Ulrich. In that case, the defendant shot and killed a dog on his farm out of fear the dog would harm his calves. Commonwealth v. Ulrich, 1999 PA Super. 1071. The Superior Court of Pennsylvania, an intermediate appellate court, declined to find that this shooting was cruelty to animals, absent additional abuse. Id. The defendant shot the dog once and then the dog ran off. The defendant followed it and shot it three more times before it died. Defendant was charged and convicted for cruelty to animals under Pennsylvania law. On appeal, the court stated that "Appellant's crime, if any, was his intentional killing of a domestic animal not his own. The crime he was charged with under 18 Pa.C.S.A.§ 5511(c), however, is inapplicable because it covers a range of abuses simply not present in this circumstance." Id. The court added that the defendant was "regrettably, charged under the wrong section of the statute" (id.) and it vacated his sentence.

The current case is similar. The facts alleged about Defendant do not contain the elements necessary for him to be convicted under 9 G.C.A. § 70.10.1(a)(1). The indictment does not accuse him of cruelty when he allegedly shot the animals. Defendant, like the Pennsylvania defendant, would have been more appropriately charged under a different section, such as 9 G.C.A. § 70.10(a)(3). That section reads, "A person commits the crime of animal abuse in the second degree if the person intentionally, knowingly or recklessly kills, impounds or injures any animal belonging to another without legal authority or consent of the owner." Id. at (a)(3). The Supreme Court of Guam stated in Guam v. Jones that the indictment must contain all elements

of the crime alleged, but the indictment here does not. Because the indictment accuses Defendant of shooting the animals, but not cruelly killing or torturing them, the felony charge will be dismissed.

## CONCLUSION AND ORDER

For the reasons set forth above, the Court **GRANTS** Defendant's motion to dismiss the charges against him of two counts of Animal Cruelty (As a 3rd Degree Felony).

SO ORDERED, this _____ day of _____ 2019.

_____
HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

I acknowledge that a copy of the original hereto was placed in the court box of:

AG, PDSC

Date: 2/11/19  Time: 1:55

Clerk, Superior Court of Guam